15-1416
*Brayboy v. O'Dwyer*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 26th day of January, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                       *Chief Judge*,
                   RICHARD C. WESLEY,
                   DEBRA ANN LIVINGSTON,
                       *Circuit Judges.*

_____

RONNIE BRAYBOY,

                       *Plaintiff*,

MONA BRAYBOY, as fiduciary of the estate of Ronnie
Brayboy,

                       *Plaintiff-Appellant*,

                   v.                                                              No. 15-1416

MICHELLE O'DWYER, in her individual capacity,

                       *Defendant*,

CAROLE PANOZZO, in her individual and official
capacities, CITY OF BRIDGEPORT BOARD OF
EDUCATION, MARIA O'DWYER,

                       *Defendants-Appellees*.

_____

1

For Plaintiff-Appellant:     Josephine S. Miller, Danbury, CT.

For Defendants-Appellees:     Arthur C. Laske III, Office of the City Attorney, Bridgeport, CT.

Appeal from the United States District Court for the District of Connecticut (Garfinkel, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Mona Brayboy, in her capacity as fiduciary of the estate of Ronnie Brayboy, appeals a judgment of the United States District Court for the District of Connecticut (Garfinkel, *M.J.*) entered on May 22, 2014, granting summary judgment in favor of the defendants on all claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This dispute arises from an incident that occurred on December 9, 2010 between Ronnie Brayboy, an African-American man who was at that time employed by the City of Bridgeport as a school security officer, and Maria O'Dwyer, who worked as a secretary at the same school. Brayboy contends that he made a joking comment to O'Dwyer, who responded by calling him a "nobody" and then uttering a racial slur under her breath. O'Dwyer claims that Brayboy sexually harassed her, and that he had done so on several previous occasions. O'Dwyer made a complaint to Carole Pannozzo, the Executive Director of Human Resources, who placed Brayboy on paid administrative leave while O'Dwyer's allegations were investigated. The same day, Brayboy wrote a memorandum to his supervisor, copying the city's Director of Labor Relations, accusing O'Dwyer of using a racial slur against him. In March 2011, Brayboy filed a charge of discrimination against Pannozzo with the Connecticut Commission on Human Rights and

2

Opportunities ("CCHRO"). After Brayboy filed his complaint, Pannozzo was removed from the investigation of O'Dwyer's sexual harassment complaint.

Brayboy was reinstated at the end of 2011 and assigned to a different school. In December 2012, the Board of Education informed Brayboy that he was being placed on a leave of absence because it had come to the Board's attention that he lacked a certification that was required by the state. Brayboy was provided an opportunity to prove that he had obtained the necessary certification, but instead, he tendered his resignation.

In his Fourth Amended Complaint, Brayboy asserted eleven claims against O'Dwyer, Pannozzo, and the City of Bridgeport Board of Education ("Board of Education"), including claims that the Board of Education retaliated against him in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60(a)(4), and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). The district court granted summary judgment in favor of the defendants on all of Brayboy's claims. In this appeal, Brayboy challenges only the dismissal of his CFEPA and Title VII retaliation claims against the Board of Education.

To make out a prima facie case of retaliation under Title VII, an employee must demonstrate that he or she "was engaged in protected activity; that the employer was aware of that activity; that the employee suffered adverse employment decisions; and that there was a causal connection between the protected activity and the adverse employment action." *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988). The same standards apply to a claim of retaliation under the CFEPA. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010). The district court dismissed Brayboy's retaliation claims on the ground that he failed to present any evidence of a causal connection between his

3

protected activity—either his December 2010 memorandum to his supervisor or his March 2011 CCHRO complaint—and his retirement in December 2012.

Brayboy does not challenge the district court's holding that there was no causal nexus between the protected activity and his 2012 retirement. Instead, he argues that the district court should have considered other adverse employment actions that he suffered, specifically: (1) the School Board's failure to investigate his claim of racial discrimination, and (2) his placement on paid administrative leave for approximately one year while O'Dwyer's complaint was investigated. Neither argument has merit.

First, we have held that "[a]n employee whose complaint is not investigated cannot be said to have thereby suffered a punishment for bringing that same complaint." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010). A failure to investigate can be considered an adverse employment action only "if the failure is in retaliation for some separate, protected act by the plaintiff." *Id.* at 722. Here, Brayboy alleges that the School Board's failure to investigate his complaint constituted retaliation for bringing that same complaint. *Fincher* makes clear that this allegation is insufficient to make out a prima facie case of discrimination.

Second, we have held that "administrative leave with pay during the pendency of an investigation does not, without more, constitute an adverse employment action." *Joseph v. Leavitt*, 465 F.3d 87, 91 (2d Cir. 2006). Here, Brayboy's own allegations indicate that he was placed on administrative leave *before* he wrote his December 2010 memorandum complaining of racial harassment. In addition, there is no evidence that his placement on administrative leave amounted to anything more than "simply appl[ying] reasonable disciplinary procedures to an

4

employee." *Id.* at 92 n.1. Accordingly, Brayboy's suspension did not constitute an adverse employment action.

We have considered Brayboy's remaining arguments and find that they lack merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK